### STEINTHAL et al. v. CARDASIS.

(Supreme Court, Appellate Term, First Department. March 22, 1916.)

1. LANDLORD AND TENANT ☞90(1)—TERMINATION—AGREEMENT TO HOLD OVER—CONSIDERATION.

A tenant's agreement with the landlord's authorized agent, made before the expiration of his monthly tenancy, that he might remain on the premises a few days longer, paying only for the time of actual occupation, under which he remained on the premises, rested upon a valid consideration.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 284, 288; Dec. Dig. ☞90(1).]

2. PRINCIPAL AND AGENT ☞100(2)—AUTHORITY OF LANDLORD'S AGENT—EVIDENCE.

A janitress, who was the only person with whom the tenants came in contact, and who apparently had full authority to bind the landlord in the making of leases, had both express and apparent authority to agree with a tenant as to the terms on which he might occupy the premises after the expiration of his monthly tenancy.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 264, 345, 372; Dec. Dig. ☞100(2).]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Raphael Steinthal and another against Constantine Cardasis. From a judgment against plaintiffs, dismissing their complaint upon the merits after a trial before the court without a jury, plaintiffs

appeal. Reversed, and judgment ordered for the plaintiffs in the sum of $6.20.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Herman Kahn, of New York City, for appellants.

Hamilton R. Squier, of New York City, for respondent.

LEHMAN, J. The defendant, prior to the 15th of June, 1915, was a monthly tenant of the plaintiffs, paying the sum of $31 per month in advance. They paid no rent for the month beginning June 15th, but concededly remained in possession of the premises until June 21st, and the plaintiffs have sued to recover the sum of $31 for the month of June, on the theory that the defendant is a hold-over. He cannot be held liable upon the theory that he held over after the expiration of his lease, if previous to June 15th he had entered into a valid agreement with the plaintiffs for a new lease after June 15th.

At the trial the only issue which developed is whether or not the defendant made such an agreement. He claims that the janitress of the plaintiff was notified two weeks in advance of his intention to vacate the premises some time after June 15th, and that the janitress consented that he might remain there a few days over his term on condition that he would pay rent for that time. The janitress denied this testimony, but the trial justice chose to believe the defendant, and it is not urged that such a finding is against the weight of evidence.

[1] The only question then remaining is whether such an agreement rests upon good consideration and whether the janitress had authority to make it. Inasmuch as the janitress' consent was given before the 15th of June, and the defendant remained in the premises relying upon her agreement that he should pay only for the days which he actually occupied the premises, it seems to me that it is clear that the agreement rests upon a valid consideration.

[2] The principal point urged by the plaintiffs is that the janitress had no authority to make such an agreement. The evidence is uncontradicted that the janitress had authority to make leases. In fact, the janitress was the only person with whom tenants and intending tenants seem to have come in contact. While the janitress testified that she never made any lease, unless she had previous authority from the landlord to enter into the lease upon the terms proposed, yet so far as the world was concerned she had apparently full authority to bind the landlord in the making of leases. While it is probably true that this authority is not sufficient to bind the landlord, if she went further and accepted a surrender, in this case, as I read the testimony and the pleadings, there is no claim of a surrender, but merely a claim that the janitress, prior to June 15th, had entered into an agreement fixing the terms upon which the defendant could occupy the premises after that date, and such an agreement was, I think, within both the express and apparent authority of the janitress.

It follows that the plaintiffs are not entitled to recover from the defendant the full rent for the month of June. Inasmuch, however,

as the defendant concedes that he is liable for six days' rent, the trial judge should have awarded the plaintiffs judgment for the sum of $6.20.

The judgment should therefore be reversed, without costs on this appeal, and judgment ordered for the plaintiffs in the sum of $6.20, with appropriate costs in the court below. All concur.